(December 27, 1920.)

# R. O. MESSINGER and L. O. MESSINGER, Appellants, v. H. R. COX, Respondent.

[194 Pac. 473.]

LEASE—WRITTEN INSTRUMENT—LANGUAGE UNAMBIGUOUS—INTERPRETATION.

1. In construing a written instrument, where the language used is clear, certain and unambiguous, the court will give effect to the language employed according to its ordinary meaning.

2. *Held*, that the following language of a written lease, "But if the sale shall be made any time after April 1 of any year and before October 1, said sale must be made subject to the lease for the year in which the sale is made, and second party shall be entitled to remain upon the place until he shall have removed his crop for said year, and must give possession on or before November 1 of that year," falls within the above rule.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action in unlawful detainer. Judgment of dismissal. *Reversed.*

Fred E. Butler, for Appellants.

It is error for the court to construe a written instrument and change its meaning and effect unless it is so uncertain

and ambiguous that the meaning thereof cannot be determined. (*Quirk v. Rich,* 40 Mont. 552, 107 Pac. 821; *Clark v. Mallory,* 185 Ill. 280, 56 N. E. 1099; *Jacobs v. Parodi,* 50 Fla. 541, 39 So. 833; *Rosen v. Rosen,* 159 Mich. 72, 134 Am. St. 712, 123 N. W. 559; *Westhaven Water Co. v. Redfield,* 58 Conn. 39, 18 Atl. 978; *Webb v. Missouri State Life Ins. Co.,* 134 Mo. 576, 115 S. W. 481.)

Eugene A. Cox, for Respondent.

"The general rule for construction of leases is that they must be construed most favorably for the lessee, and especially is this the case when the clause to be construed is claimed to be one destroying or defeating the estate of the lessee." (*Moskowitz v. Diringen,* 96 N. Y. Supp. 173; *Kaufmann v. Liggett,* 209 Pa. 87, 103 Am. St. 988, 58 Atl. 129, 67 L. R. A. 356.)

Plaintiff relies upon his strict technical rights, and he is bound to prove the clear and unquestioned existence of his right, and that he exercised the power of cancellation in the manner and within the time provided by the contract. (*Duffield v. Whitlock,* 1 Hoff. Ch. (N. Y.) 110; *Duffield v. Whitlock,* 26 Wend. (N. Y.) 55; *Morrison v. Rossignol,* 5 Cal. 66.)

BUDGE, J.—On September 4, 1915, respondent and one Alice Storey entered into a written agreement of lease, whereby she let to respondent certain agricultural lands, for a term of 5 years, beginning October 1, 1915, and ending October 1, 1920, unless sooner terminated as stipulated in the lease.

Alice Storey on May 18, 1917, sold and conveyed the property to appellants. The deed conveying the premises was filed for record in the office of the county recorder of Nez Perce county on May 31, 1917. On October 16, 1917, appellants served notice on respondent to surrender the premises under the terms of the lease entered into between respondent and Alice Storey.

Upon respondent's failure and refusal to quit and sur-
render the premises, this action in unlawful detainer was
commenced in the probate court of Nez Perce county on
January 18, 1918, and resulted in a judgment being entered
in said court in favor of appellants, from which judgment
respondent appealed to the district court where the action
was tried *de novo*. On the trial in the latter court, after
appellants had introduced their evidence in support of the
allegations of their complaint, viz., the lease entered into
between Storey and respondent, the deed from Storey to
appellants and proof of the filing and recording thereof, the
assignment of the lease, the notice to quit and surrender,
and evidence touching the matter of damages, the court
sustained a motion to dismiss the action, and judgment of
dismissal was duly made and entered. This appeal is from
the judgment.

The appeal involves an interpretation of certain provisions
of the written lease, particularly section 10 thereof, upon
which both parties rely. This section is as follows:

"That in the event of a sale of the premises at any time
between Oct. 1st and April 1st of the year following, then
second party hereby agrees to give peaceable possession to
said purchaser, within 15 days from after second party is
paid the agreed price for giving possession, and if the par-
ties hereto cannot agree as to what second party shall be
paid for giving possession then the same shall be settled
by arbitration, each party selecting one, and if these two
cannot agree than they shall select the third person, and
the award given by these three shall be binding upon the
parties hereto, and upon the payment of said award to
second party, he hereby agrees to give peaceable possession
within the said 15 days from and after the payment, and if
he fails and refuses so to do first party is hereby authorized
to re-enter and take possession of said premises without
further notice and without litigation and without damage
other than the award given for possession, but if the sale
shall be made any time after April 1st of any year and be-
fore Oct. 1st, said sale must be made subject to the lease

for the year in which the sale is made, and second party shall be entitled to remain upon the place until he shall have removed his crop for said year, and must give possession on or before Nov. 1st of that year.''

Appellants contend that if the sale had been made between October 1st and April 1st, the respondent could not have been required to deliver possession until he had been paid an agreed price, as stipulated in the foregoing section, payment therefor being a condition precedent to appellants' right to possession, but since the sale was made between April 1st and October 1st, there was no condition precedent to be performed, and respondent was required to deliver possession by November 1st, at which time respondent's right to possession of the premises would expire under the terms of the lease. Respondent's contention in substance is that whenever the sale was made, if before the expiration of the lease, he was entitled to be paid an agreed price as a condition precedent to his surrender of the premises, to be ascertained as provided in the first provision under section 10 of the lease.

Section 10, *supra,* contains two separate and distinct collateral limitations upon the estate of the lessee. First, if the premises are sold between October 1st and April 1st, the lessee agrees to surrender possession within 15 days after receiving an agreed price, to be ascertained in the manner provided for in the lease. Second, if the sale is made between April 1st and October 1st, it is to be made subject to the lease for that year, the lessee agreeing to surrender possession on or before November 1st of that year. There is no reference in the second provision to the payment of an agreed price. The sale was made May 18, 1917, i. e., during the time controlled by the second provision. In either event, whether the lease expired at the end of the five years or upon November 1, 1917, by reason of the sale of the property between April 1st and October 1st, the estate of the tenant by agreement of the parties to the lease reached the utmost bounds marked for its continuance by the limitation by which its duration was governed. The right of the

tenant became absolutely at an end. The sale having been made between April 1st and October 1st, we are not called upon to construe what was meant by the parties when they used the term "an agreed price" in the first provision of section 10, and under the terms stipulated between the parties the sale was made subject to the lease for that year and subject to the provision that respondent must give possession on or before November 1st of that year. This may be a harsh contract, but it is such a contract as the parties had a right to enter into.

The language of the second provision cannot be said to be ambiguous or uncertain, and in construing a written instrument, where the language used is clear, certain and unambiguous, the court will give effect to the language employed according to its ordinary meaning.

We are of the opinion that the trial court erred in sustaining respondent's motion and in dismissing the action.

The judgment is reversed. Costs are awarded to appellants.

Rice, J., concurs.

MORGAN, C. J., Concurring.—As indicated in the foregoing opinion, the five-year period for which the land was leased expired October 1, 1920. Therefore, if the present right of possession was the only matter in issue between the parties, a discussion of paragraph 10 of the lease would be unprofitable. However, the complaint contains an allegation of and prayer for damages, provided for in C. S., sec. 7335, as well as for restitution of the premises, so the date when appellants became entitled to possession is material and the proper interpretation of that paragraph is not a moot question.